**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 20 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL L. MCLAUGHLIN, | No. 20-35187 |
| Plaintiff-Appellant, | D.C. No. 3:19-cv-00154-TMB-MMS |
| v. | |
| CENTRAL PENINSULA GENERAL HOSPITAL, a non-profit corporation; TRENA RICHARDSON, President; JAMES MCHALE, Vice President; MARK DIXSON; SAL MATTERO; STEVE MANLEY; RUSSELL PETERSON; MARK PREMO; STEVEN HORN; STEVEN HORN; GREGG MONTONAGA; DEBRA SHUEY; JOHN BRAMANTE, CPGH Directors; MICHAEL T. BLAKE, D.O.; JASON HELTON; RACHEL GILLILAND; DEBRA A. BLIZZARD; KATELIN E. HIMES; MATTHEW M. MEADE; DIANNE J. CRONIN, CPGH staff; MICHAEL LEVY; LEVI DOSS; JESSICA SMITH; HENRY KANE; CY COX; T.J. COX, Nikiski Fire Dept; MARK PEARSON, Sgt.; SAMUEL J. WEBBER; JOSEPH MINNICK; CASEY HERSHBERGER, Alaska State Troopers; IRVING CARLISLE, Secretary/Treasurer, | MEMORANDUM* |
| Defendants-Appellees. | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, District Judge, Presiding

Submitted July 19, 2023[**]

Before: WALLACE, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

Michael L. McLaughlin appeals from the district court's dismissal of this case for failure to state a claim on which relief can be granted. Because the facts are known to the parties, we repeat them only as necessary to explain our decision.

I

McLaughlin contends that the district court erred in abstaining from exercising jurisdiction over his civil rights claims under the *Younger* abstention doctrine, which instructs that federal courts should refrain from enjoining state criminal proceedings except in very rare circumstances. *See Younger v. Harris*, 401 U.S. 37, 41 (1971). A four-element test governs our application of *Younger*: a federal court should abstain if (1) "a state-initiated procedure is ongoing," (2) the procedure "implicates important state interests," (3) "the litigant is not barred from litigating federal constitutional issues in that proceeding," and (4) "the court's action would enjoin, or have the practical effect of enjoining, ongoing state court proceedings."

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1149 (9th Cir. 2007) (quoting

*Gilbertson v. Albright*, 381 F.3d 965, 978 (9th Cir. 2004)).

Under this standard, the case falls squarely within the proper application of

*Younger*. McLaughlin's criminal proceedings remain ongoing. Enforcing Alaska

state law is undoubtedly an important state interest. Mr. McLaughlin is free to raise

his constitutional claims in state court and has done so. Finally, McLaughlin's claims

are intertwined with his criminal case—ruling on appellant's claims that his

constitutional rights were violated in the course of his arrest would have the

"practical effect of enjoining[] ongoing state court proceedings."

*AmerisourceBergen Corp.*, 495 F.3d at 1149. In sum, to exercise jurisdiction in this

case would be to interfere with the State of Alaska's judicial process. The district

court correctly held that these constitutional claims should be decided in the pending

state litigation.

II

McLaughlin additionally challenges the district court's dismissal of his *qui*

*tam* action under the False Claims Act (FCA). But this court's precedents

unambiguously establish that *pro se* litigators cannot become relators of FCA *qui*

*tam* actions. *Stoner v. Santa Clara Cnty. Off. of Educ.*, 502 F.3d 1116, 1126 (9th Cir.

2007) ("While [28 U.S.C. § 1654] allows Stoner to prosecute his own actions *in*

*propria persona*, that right is personal to him… Stoner has no authority to prosecute

an action in federal court on behalf of others than himself."). The district court thus did not err in dismissing McLaughlin's *qui tam* action.

## III

The judgment of the district court is

**AFFIRMED.**